UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LEONARD & LEONARD, P.A.
165 Washington Street
Morristown, New Jersey 07960
(973) 984-1414
Attorney for Plaintiff
LINDA FAHMIE ARNOLD,                    :

            Plaintiff,        :        Civil Action No. 08-cv-4125 (MLC)

                              :
vs.                           :        COMPLAINT

                              :
BOROUGH OF PRINCETON,         :
BOROUGH OF PRINCETON,         :
POLICE DEPARTMENT; CHIEF      :
ANTHONY V. FEDERICO,          :
OFFICER ADAM BASATEMUR,       :
JOHN DOES (1-10)              :
unknown defendants,

            Defendants.

_____

Plaintiff Linda Fahmie Arnold, by way of Complaint against defendants,

hereby avers:

## I. PARTIES

1.    Plaintiff, Linda Fahmie Arnold is a citizen of the United State of

America, and at all times relevant to this Complaint was a resident in Princeton,

New Jersey, in the County of Mercer.

2. At relevant times herein, defendant Borough of Princeton was and is

a public entity and/or a municipal corporation organized and existing pursuant

to the laws of the State of New Jersey, with a place of business at 1 Monument

Drive, Princeton, New Jersey 08542.

3. At all relevant herein times relevant herein defendant Borough of Princeton Police Department was and is a public entity and/or a municipal corporation organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 1 Monument Drive, Princeton, New Jersey 08542. The Borough of Princeton Police Department is part of the municipal government of the Borough of Princeton and is responsible for providing police services for the Borough of Princeton.

4. At all relevant times herein, defendant Borough of Princeton, Chief of Police Anthony V. Federico, was a chief supervisory official and Chief of Police acting in his official capacity under color of law. This defendant is being sued in both his individual and official capacities.

5. At all relevant times herein defendant Adam Basatemur was and is employed by the defendant Borough of Princeton and/or Borough of Princeton Police Department as a police officer acting in his official capacity under color of law. This individual is being sued in both his individual and official capacities.

6. The defendant John Does (1-10) which names are fictitious as the true identities of these defendants are unknown to date are individuals who knew, participated in, and/or reasonably should have known or knowingly condoned and/or covered up the acts and/or omissions of the defendants Borough of Princeton Police Department, Chief Anthony V. Federico, and Officer Basatemur. Furthermore, any and all allegations set forth herein shall be

-2-

directed at each of them individually and in their official capacities.

## II. JURISDICTION

7.  This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. § 1983 together with pendent state claims.

8.  The court has jurisdiction over plaintiffs' Federal claims pursuant to 28 U.S.C. § 1331, as an action arising out of the constitution of the United States and 28 U.S.C. § 1343(a)(3), to redress the deprivation under the color of state law, of rights secured by the constitution of the United States; and over plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

9.  The court has authority to grant declaratory and injunctive relief pursuant to the declaratory judgment act, 28 U.S.C. § 2001, et. seq.

10.  The court has authority to award costs and attorneys fees pursuant to 42 U.S.C. § 1988.

11.  Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. § 1391 (b), because all defendants reside in this district, and the events giving rise to this claim occurred in this District.

## III. SUBSTANTIVE ALLEGATIONS

12.  On or about April 30, 2007, the plaintiff, Linda Fahmie Arnold was a United States citizen and a resident of Princeton, New Jersey who was operating her motorcycle on the public highways and streets in the Borough of Princeton.  While operating her motorcycle on Route 206 South, in the

-3-

Borough of Princeton, State of New Jersey she was pulled over by the defendant, Officer Adam Basatemur while he was assigned as a police officer by the defendants borough of Princeton Police Department and/or Borough of Princeton.

13.  While the plaintiff was stopped by the defendant Adam Basatemur, the plaintiff advised the defendant, that she was having serious stomach cramps and that she needed to use a bathroom quickly and that she lived a short distance away.

14.  The defendant Adam Basatemur without reasonable justification, conducted an unlawful stop, search and seizure and unreasonable and unlawful detention, and/or arrest of the plaintiff.  During the traffic stop the plaintiff Linda Fahmie Arnold was brutally treated, abused and humiliated by the defendant Adam Basatemur, without justification or cause suffering injury.

15.  The actions taken by Officer Basatemur were in direct violation of the plaintiff's constitutional rights protected by under the Federal and State Constitution and were undertaken under color of state law.

16.  During the traffic stop the defendant Adam Basatemur instructed the plaintiff on two separate occasions that if she had to use the bathroom that she should go behind a tree.  The defendants actions were not justified and were in clear violation of the plaintiff's civil rights protected both under the Federal and State Constitution and in direct violation of the standard

-4-

operating procedures for police officers.

17. Additionally, during this unlawful traffic stop and detention, the defendant Adam Basatemur humiliated, embarrassed and/or treated her inhumanely by watching her go to the bathroom in direct and clear violation of her federally and state protected constitutional rights. The defendant Adam Basatemur's actions were conducted with the intent to deprive the plaintiff, Linda Fahmie Arnold, of her civil rights and other constitutionally protected activities.

18. The plaintiff was subsequently issued a motor vehicle ticket which was then administratively dismissed.

19. Subsequent to the within incident on or about May 15, 2007 described herein, the defendant, Chief Anthony V. Federico advised the plaintiff that the defendant, Adam Basatemur conduct was inexcusable and unprofessional and that his actions had violated numerous official Princeton Borough Police Department Rules and Regulations as well as, the department's General Code of Ethics.

20. Despite the Borough of Princeton knowing that the defendant Adam Basatemur's conduct was outrageous, inhumane, unconstitutional and violative of the plaintiff's civil rights, the defendant, Adam Basatemur was only suspended two months and was permitted to return to active duty where he has remained employed as a police officer for the defendant Borough of Princeton's force. The Borough of Princeton Police Department's

Conduct has a custom and practice of not properly investigating, evaluating, disciplining its police officers which is clearly in direct violation of the plaintiff's civil rights.

## COUNT ONE

### Constitutional Violations

21.  Plaintiff incorporates the averments of paragraphs 1 - 20 as if fully set forth herein.

22.  The plaintiff Linda Fahmie Arnold has a right protected by the due process and equal protection clauses of the 14th Amendments to the United States Constitution, to be free from criminal arrest and prosecution.

23.  The defendants, Borough of Princeton, Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10) who, acting under color of state law and under authority, under custom and usage, violated the civil rights of plaintiff, protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the U.S.C. § 1981, 1983 and Title 43 of the U.S.C. § 1985(2) et seq., and New Jersey Civil Rights Act, N.J.S.A. § 10:6-7, et.seq.,Article I, Paragraphs 1,5,2,12 & 22 of the New Jersey State Constitution.

24.  At all times relevant herein, defendants Borough of Princeton, Princeton Police Department, Chief Anthony V. Federico, Officer Adam

Basatemur, John Does (1-10) were acting under color of state law and within the scope of their authority as employees and/or officers of the defendants.

25.  Plaintiff institutes this action pursuant to the laws of the State of New Jersey for damages arising by reason of unreasonable stop, search & seizure and detainment, intentional infliction of mental distress, pain and suffering, negligence, failure to properly hire, re-train and supervise, abuse of authority, failure to provide adequate medical care and treatment, failure to intervene and failure to protect, among other acts of negligence.

26.  Plaintiff served Notice of Claims for damages in the form prescribed by New Jersey Statutes title 59:8-4 and signed by plaintiff's representative upon the named defendants by certified mail within the statutorily prescribed period.

27.  More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

28.  This action is commenced within two (2) years from the date of the occurrence.

29.  During all relevant times herein the named defendants, their agents, servants and/or employees acted under color of state law, under the color of the constitution, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject departments, agencies and entities.

30.  During all relevant times herein the aforementioned defendants

-7-

acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit unlawful search, seizure, detainment and/or arrest and violations of civil rights upon plaintiff, Linda Fahmie Arnold.

31.  During all relevant times herein the defendants, Borough of Princeton, Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), their agents, servants and/or employees acted with deliberate and conscious indifference to Linda Fahmie Arnold's constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants Borough of Princeton, Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), in permitting and allowing the unlawful stop, detainment and /or arrest, permitting and condoning the use of improper and unconstitutional conduct and lack of adequate medical attention, violation of procedures, inadequate record keeping, maintaining inadequate policies and protocols for the handling of citizens and citizens' complaints; failing to properly investigate police misconduct, intervene in the use of unjustified, unnecessary and unreasonable search and seizure in the stop, detainment and/or arrest as well as the failure to properly hire, train, and retrain, supervise the defendants Borough of Princeton, Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), in the proper conduct of their duties, among other acts and omissions.

-8-

32. During all relevant times herein the defendants, defendants Borough of Princeton, Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of Linda Fahmie Arnold, deprived Linda Fahmie Arnold, of her rights, privileges, and immunities secured by the Constitution and laws of the United States and are liable to plaintiffs pursuant to Title 42 § 1983, 1981 and 1985 of the United States Code and under state common law.

33. At all relevant times herein the aforesaid described acts were committed under color of law within the authority of the servants, agents or employees of the defendants The Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10).

34. The Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), their agents, servants and/or employees, allowed, condoned and permitted the unlawful search and seizure, and detainment without arrest, misused their power and subjected Linda Fahmie Arnold to cruel and unusual punishment.

35. During all relevant times herein the defendants Borough of Princeton, Borough of Princeton Police Department, Officer Adam Basatemur, their servants, agents or employees, John Does (1-10), by reason of their

-9-

acts, omissions, deliberate, unconscious indifferent to the rights of the plaintiff, Linda Fahmie Arnold, deprived the plaintiff of her rights, privileges, and immunities, secured by the Constitution and laws of the United States and are liable to the plaintiff pursuant to Title 42 U.S.C. § 1983, 1981, 1985, and under state common law, and the New Jersey Civil Rights Act.

36.  During all relevant times herein the defendants aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10).

37.  The defendants, Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10) acted pursuant to official policy and/or custom and to deprive plaintiff of his constitutional rights under 42 U.S.C. § 1983.

38.  By reason of the foregoing, plaintiff Linda Fahmie Arnold was deprived of her right to due process and equal protection of the law guaranteed under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States by subjecting Linda Fahmie Arnold to unlawful, arbitrary, unjustified search and seizure, and detainment without arrest.

39.  By reason of the foregoing, defendants violated the civil rights of Linda Fahmie Arnold.

40.  By reason of the foregoing, and as a direct and proximate result

-10-

of defendant's negligence and constitutional violations, plaintiff Linda Fahmie Arnold sustained serious and severe injuries.

41. As a direct and proximate result of the violation of constitutional rights as aforedescribed, plaintiff Linda Fahmie Arnold was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain, was compelled to undergo medical aid and treatment and was prevented from engaging in her usual activities.

42. As a further proximate result of defendants unconstitutional conduct, the plaintiff, Linda Fahmie Arnold has been deprived of certain valuable rights including being free from harassing conduct.

WHEREFORE, plaintiff Linda Fahmie Arnold, demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

### SECOND COUNT

### (Negligence and/or Gross Negligence)

43. Plaintiff incorporates the averments of paragraphs 1 - 42 as if fully set forth herein.

44. The personal injuries and damages suffered by plaintiff Linda Fahmie Arnold were caused solely as a result of the negligence and carelessness and/or palpably unreasonable conduct of the defendants The Borough of Princeton, Borough of Princeton Police Department, Chief

-11-

Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), without any fault or negligence of the plaintiff contributing thereto.

45. The acts and omissions of the defendants, each and every one of them constituting negligence and/or palpably unreasonable conduct, included the failure to have proper policies and procedures in place for the handling of citizens during traffic stops; the use of unjustified and excessive search and seizure and unlawful detainment, and/or arrest, the failure to intervene and/or prevent the subject occurrence; failure to properly hire, train, retrain and supervise staff; failure to provide proper medical treatment, failure to prevent the subject occurrence arising and other acts of negligence.

46. As a direct and proximate result of the negligence as aforedescribed, Linda Fahmie Arnold, was caused to suffer severe, painful and permanent injuries, sustained severe nervous shock, mental anguish and great physical pain and was compelled to undergo medical aid and treatment and was prevented from engaging in her usual activities.

47. As a direct result of the foregoing the plaintiff has sustained serious injuries described herein.

WHEREFORE, plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

-12-

## THIRD COUNT

### As to Defendants' Conspiracy to Commit Acts and Violate
### Plaintiffs' State Statutory and Constitutional Rights

48.  Plaintiff incorporates the averments of paragraphs 1 - 47 as if fully set forth herein.

49.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of the Complaint, as if set forth fully herein.

50.  Upon information and belief, Defendants motivated by their desire to prevent dissemination of knowledge, prevent civil claims and criminal prosecution, and minimize disgrace and scandal, and by their desire to retain the active service of an officer, employee, agent, servant and/or volunteer over and above the rights and safety of potential victims, under the laws of the State of New Jersey and the United States, thereby gambling with the rights and safety of the public and such victims, agreed to, and thereby entered and/or conspired, aided and/or abetted to commit the acts complained of herein and to violate the rights of public, including Plaintiff.

51.  In furtherance of said conspiracy and/or agreement, defendants through their position and authority as leaders, and/or in their unique authority and coercion over plaintiff, overtly protected defendants, facilitated their access to the public, engaged in a cover up of their activities, and thereby prevented plaintiff from discovering the wrongfulness of defendants,

-13-

and otherwise acted to injure the plaintiff, Linda Fahmie Arnold.

52. Each and every one of the defendants actions as set forth above
have deprived plaintiff Linda Fahmie Arnold of her rights and privileges
afforded to her under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1, et.
Seq., Article I, Paragraphs 1,5, and 21 and 22 of the New Jersey
Constitution. Defendants' actions as set forth above have deprived plaintiff
of her rights to procedural and substantive due process under Article I,
Paragraph 1 of the New Jersey Constitution. This includes, but is not limited
her right to be free, independent, her right to safety and happiness. The
defendants denied plaintiff of her civil rights afforded under New Jersey Civil
Rights Act, N.J.S.A. Sec. 10:6-1 et. seq., Article I, Paragraph 5 of the New
Jersey State Constitution. The defendants denied plaintiff her rights as a
victim of a crime as afforded to him under New Jersey Civil Rights Act,
N.J.S.A. Sec. 10:6-1, et. seq., Article I, Paragraph 22 of the New Jersey
State Constitution.

53. As a further proximate result of defendants' unconstitutional
conduct, Linda Fahmie Arnold has sustained emotional anguish and distress,
damage to his reputation and other injuries. At all times material hereto,
the actions of said defendants were willful, wanton, malicious, reckless,
outrageous and/or negligent in their disregard for the rights and safety of
plaintiff.

54. As a direct and proximate result, plaintiff suffered and will
continue to suffer the injuries and damages described herein.

-14-

WHEREFORE,  plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

### FOURTH COUNT

### Intentional and Negligent Infliction of Emotional Distress

55.  Plaintiff incorporates the averments of paragraphs 1 - 54 as if fully set forth herein.

56.  During the period she remained in their custody and detention, the defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff Linda Fahmie Arnold.

57.  By reason of the foregoing, Linda Fahmie Arnold suffered emotional trauma and has been damaged.

58.  By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain was compelled to undergo medical aid and treatment and was prevented from engaging in his usual activities.

59.  By reason of the foregoing plaintiff Linda Fahmie Arnold has been damaged.

WHEREFORE, plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

## FIFTH COUNT

### As to Defendants John Does 1-10
### Negligence and/or Gross Negligence

60. Plaintiff incorporates the averments of paragraphs 1 - 59 as if fully set forth herein.

61. The defendants John Doe (1-10) are responsible by their knowledge, action and/or inaction, as if all allegations subsequently set forth herein pertaining to all defendants were set forth herein as to these said defendants.

62. The acts of said defendants, described herein above, were undertaken and/or enabled by and/or during the course and/or within the scope of his/her employment, appointment and/or agency with any of the defendants, the Borough of Princeton, Borough of Princeton Police Department; Adam Basatemur.

63. At all times, material hereto, said defendants knew and/or reasonably should have known of the unreasonable danger to plaintiff Linda Fahmie Arnold, due to defendants deviations from accepted police standards and practice.

-16-

64. Said defendants knew and/or reasonably should have known that defendants posed an unreasonable risk of abuse and harm to plaintiff.

65. Defendants owed plaintiff a duty to protect her directly and/or indirectly from defendants, both prior to and/or subsequent to defendant.

66. Said defendants' palpably unreasonable, willful, wanton and/or grossly negligent act(s) of commission and/or omission, resulted directly, and/or proximately in the damage set forth herein.

67. But for said defendants' knowledge of defendant's failure to act in conformance with accepted police practice and procedure and/or their willful, wanton and/or grossly negligent act(s) of commission and/or omission, plaintiff would not have been harmed in the matter in which she is presently harmed.

68. As a direct result of said conduct, plaintiff has suffered the injuries and damages described herein.

WHEREFORE, plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

-17-

## SIXTH COUNT

### As to All Defendants Intentional Misconduct
### and/or Gross Negligence

69.  Plaintiff incorporates the averments of paragraphs 1 - 68 as if fully set forth herein.

70.  Prior to the dates of unlawful stop, detention, search and seizure and/or arrest, defendants had been known, or should have been known to defendants to be "rogues" with a pattern of deviating from accepted police practice and procedure for his/their own benefit, utilizing his position as an employee, agent, servant of the Princeton Police Department to overcome the public's resistance, reluctance and fears.

71.  After learning through complaints from the public and other officers, directors, employees, agents, servants and/or volunteers of the other defendants that Officer Adam Basatemur, had utilized his position as an officer, employee, agent, servant and/or volunteer of the Princeton Police Department, the defendants deliberately and/or outrageously allowed him and/or assigned him to positions as an officer, employee, agent, servant and/or volunteer in the Princeton Police Department where he would have full access to the public, including plaintiff, who had no awareness of the improper pattern and practices, thereafter, they failed to remove or suspend defendant Officer Adam Basatemur from his duties as officer, employee, agent, servant and/or volunteer or otherwise act to stop him from pursuing

-18-

their rogue schemes on the public, including but not limited to plaintiff, after receiving complaints and/or reliable information that defendant was engaging in such illegal and improper activities.

72. The actions of said defendants as alleged in the preceding paragraphs constituted intentional misconduct and/or gross negligence and/or palpably unreasonable conduct with the harm which befell plaintiff as a directly foreseeable consequence.

73. At all times material hereto, the defendants were grossly negligent, willful, wanton, malicious, reckless and outrageous in their disregard for the rights and safety of the public in general, as well as to the plaintiff.

74. As a direct result of the tortuous conduct, plaintiff has suffered injuries and damages described herein.

WHEREFORE, plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

### SEVENTH COUNT

Negligence and/or Gross Negligence in the
Hiring Supervision of Defendant, Officer Adam Bastamur

75. Plaintiff incorporates the averments of paragraphs 1 - 74 as if fully set forth herein.

76.  Defendants had actual and/or constructive knowledge of defendant Adam Basatemur's proclivities and/or improper behavior toward others, including but not limited to the plaintiff and it is therefore reasonably foreseeable, that, in the ordinary course of discharging an officer's, employees, agents, servants and/or volunteer duties, an officer, employee, agent, servant and/or volunteer might present a threat of injury to the public.

77.  Defendants as set forth herein, had actual and/or constructive knowledge that defendant Adam Basatemur was a rogue and/or had propensities to freelance for his own benefit involving the public and was unfit to perform his employment responsibilities, duties and/or obligations as an officer, employee, agent, servant and/or volunteer, and was a severe danger to the public including plaintiff.

78.  Said defendants had a duty to exercise reasonable care in continual formation of an officer, employee, agent, servant and/or volunteer, including the screening, selection, training, supervision, retention, assignment, transferring, appointment and/or employing of defendant Adam Basatemur, for the work assigned to him and for purposes of determining his fitness for access to the public, including plaintiff and was negligent and/or grossly negligent in that said defendant failed to adopt and establish reasonable or adequate policies, guidelines, or other means whereby they would learn to recognize an officer's, employee's, agent's, servant's, and/or volunteers propensity for rogue, deviant behavior or the behavior itself,

-20-

failed to adequately screen and/or investigate Adam Basatemur, regarding his candidacy for an employee, agent, servant and/or volunteer; furthermore, the defendants also failed to adequately investigate the aforementioned defendants prior activities and/or behavior with regard to the public and failed to adequately monitor and/or investigate defendant Adam Basatemur's conduct during his training, and conduct prior to each change in assignment and/or appointment of defendant Adam Basatemur as an officer, employee, agent, servant and/or volunteer, particularly through defendant Adam Basatemur's assignments and/or appointed position(s) with defendants, the Borough of Princeton, The Borough of Princeton Police Department, and/or John Does (1-10) and thereafter.

79.  The defendants had an ongoing duty to keep and maintain defendant Adam Basatemur under continuous and/or reasonable supervision that provided assurance that defendant Adam Basatemur was fit to perform his employment and/or assigned or appointed responsibilities and did not present a risk to the health, safety and welfare of those individuals, including plaintiff, who would reasonably be expected to come into contact with defendant Adam Basatemur as a result of his employment and/or duties and responsibilities of his assignments and/or appointments while an officer, employee, agent, servant and/or volunteer and to retain him only as long as he was fit and competent.

80.  The defendants breached their duty of care in that they failed to take any action to ensure that plaintiff was not harmed by defendant Adam

-21-

Basatemur despite their actual and/or constructive notice of defendant Adam
Basatemur's rogue conduct, more specifically, the defendants Borough of
Princeton, Borough of Princeton Police Department, negligently screened,
selected, trained, retained, employed, assigned, transferred and/or
appointed defendant Adam Basatemur, to the position of trust and authority
as a officer, employee, agent, servant and/or volunteer at defendant
Borough of Princeton,  Borough of Princeton Police Department, in direct
contact with the public and further negligently failed to provide adequate
warning to plaintiff, negligently failed and refused to remove or suspend
defendant Adam Basatemur, from his duties at his various assignments or
appointments or as an officer, employee, agent, servant, and/or volunteer or
otherwise act to prevent defendant Adam Basatemur from pursuing his
rogue acts on the public, including plaintiff and to require him to report same
to his victims, and otherwise failed to adopt and establish policies,
guidelines, or other means protecting plaintiff, from an officer's employees,
agents, servants and/or volunteer's propensities for rogue behavior or the
behavior itself.  Additionally, the aforementioned negligent acts of
commission and/or omission amounted to gross negligence by the
defendants.

    81.  At all times material hereto, defendants actions were willful,
wanton, malicious, reckless and/or outrageous in their disregard for the
rights and safety of plaintiff.

    82.  As a direct result of said negligence and/or grossly negligent

-22-

conduct, plaintiff Linda Fahmie Arnold has suffered the injuries and damages described herein.

WHEREFORE,  plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

### EIGHTH COUNT

### As to All Defendants
### Respondeat Supervisor

83.  Plaintiff incorporates the averments of paragraphs 1 - 82 as if fully set forth herein.

84.  The defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10),  are responsible to supervise and/or control officers, agents, servants and employees serving with the defendant Borough of Princeton, Borough of Princeton Police Department, and specifically had a duty not to aid defendant Officer Adam Basatemur by assigning, maintaining and/or appointing him to a position with access to the public, including through defendant Adam Basatemur's position as an officer, employee, agent, servant, and/or volunteer at defendant Borough of Princeton, Borough of Princeton Police Department.

85.  In fulfilling their duties and responsibilities, the officers,

-23-

employees, agents, servants and/or volunteers of the defendant Borough of
Princeton, Borough of Princeton Police Department, while acting within the
course and scope of their employment within the Borough of Princeton and
Borough of Princeton Police Department, had the authority to assign, appoint
and/or remove defendant Adam Basatemur to, and/or from any assignment
within the Borough of Princeton and Borough of Princeton Police Deparment,
and/or grant and/or withhold permission from Officer Adam Basatemur to
exercise their faculties as an officer, employee, agent, servant and/or
volunteer in public within Borough of Princeton, and/or the State of New
Jersey. Additionally, defendant Adam Basatemur had a duty to receive and
execute whatever orders were given to him by the defendants' supervisors
and/or their agents, servants and/or employees, as well as a duty to submit
to an accounting of his duties and responsibilities directly to defendants as
well as to give them effective assistance in the administration of the Borough
of Princeton, Borough of Princeton Police Department including consultation
regarding the assignment of officers, employees, agents, servants and/or
volunteers.

   86. It is understood that in the course of providing police services, the
purpose of same was to protect, serve, care, for and/or provide supervision
to the public, as well as to give them attention with special diligence.
Furthermore, such acts were within the course and scope of defendant
Officer Adam Basatemur, employment, duties, obligations, and/or
responsibilities of a police officer. Said defendants, their agents, servants

and/or employees were reasonably on notice that an officer could exploit the power of his position and that such relationship with the public as a symbol of the government and authority could enable that office to act as a rogue.

87.  As an officer, employee, agent, servant and/or volunteer at defendant Borough of Princeton, Borough of Princeton Police Department, Defendant Officer Adam Basatemur, who was acting as an officer, employee, agent, servant, and/or volunteer of defendant Borough of Princeton, Borough of Princeton Police Department within the course and scope of his agency and employment, and thereby gained access to plaintiff and used the powers and influence of his positions and status as an actual and apparent agent of defendants to unlawfully arrest, detain and shakedown the plaintiff while in the Borough of Princeton, Borough of Princeton Police Department, and the State of New Jersey.

88.  As a direct result of said conduct, plaintiff has suffered the injuries and damages described herein.

WHEREFORE,  plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

### NINETH COUNT

#### As to All Defendants
#### Fraudulent Concealment/Misrepresentation

89.  Plaintiff incorporates the averments of paragraphs 1 - 88 as if fully

set forth herein.

90. Upon information and belief, defendants Borough of Princeton and Borough of Princeton, Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), motivated by their desire to prevent knowledge from being disseminated, prevent civil actions and criminal prosecution, and minimize disgrace and scandal, and by their desire to retain the active service of an officer and/or manifestly and impliedly protect said defendants' perception of the rights of such officer over and above the rights and safety of the public potential victims, under the laws of the State of New Jersey and/or the United States, thereby gambling with, and/or egregiously, the safety of the public and such victims, agreed to enter into a conspiracy, conspired to and did fraudulently conceal and/or misrepresent their knowledge, negligence and activities from plaintiff. Said defendants engaged in a course of conduct including but not limited to, the making of and/or permitting an environment of secrecy, the making of and/or false representation, promises, religious duress and/or failure to disclose and/or suppression of material facts, designed to prevent victims such as plaintiff from timely discovering and/or recognizing the wrongfulness of defendants' actions and plaintiff's resultant injuries as well as the causes of action - all as more specifically set forth in detail elsewhere in this Complaint.

91. Defendants willfully misrepresented, and deliberately misled plaintiffs and/or failed to warn and/or inform them for at least one (1) of the

following unreasonable reasons:

> (i) their interest in protecting defendant Adam Basatemur in particular, and officers in general, from investigation;
>
> (ii) to protect the activities of defendant Adam Basatemur, in particular, and officers generally and/or
>
> (iii) the injury to plaintiff that was likely to result, and that did in fact result, were outweighed by the protection of the Borough of Princeton, the Borough of Princeton Police Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10), in general.

92.  Because of plaintiff's position and defendant Borough of Princeton, Borough of Princeton Police Department's position and authority, the plaintiff reasonably relied upon defendant's misrepresentation and/or acts of omission and/or commission.

93.  Due in part to the defendants' Borough of Princeton, Borough of Princeton Police Department, fraudulent concealment, plaintiff herein lacked actual or constructive knowledge of the factual and/or legal basis for this lawsuit, particularly against the defendants, and was prevented from realizing the wrongfulness of defendants' actions and plaintiff's resulting harm, and from remediating that harm.

94.  Plaintiff, despite his exercise of due diligence, was delayed and/or prevented from discovering these causes of action set forth herein. as a direct result of defendants' conduct.

95.  At all times material hereto, the actions of said defendants were

willful, wanton, malicious, reckless, and outrageous in their disregard for the rights and safety of plaintiff.

96.  As a direct and/or proximate result of said defendants' conduct, plaintiff has suffered the injuries and damages described herein.

WHEREFORE,  plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

COUNT TEN

As to All Defendants Invasion of Privacy

97.  Plaintiff incorporates the averments of paragraphs 1 - 96 as if fully set forth herein.

98.  As a direct result of defendant Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10) actions and/or inactions as alleged herein, defendants heinously invaded plaintiff's privacy.

99.  At all times material hereto, said defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10) actions, were intentional, willful, wanton, malicious, reckless and outrageous in their disregard for the rights and safety of plaintiff.

100.  As a result of said conduct, plaintiff has suffered the injuries and

-28-

damages described herein.

WHEREFORE,  plaintiff Linda Fahmie Arnold demands judgment against defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees and other appropriate relief.

## COUNT ELEVEN

### As to all Defendants

101.  Plaintiff incorporates the averments of paragraphs 1 - 100 as if fully set forth herein.

102.  Defendant Officer Adam Basatemur, was acting as an officer, employee, agent, servant and/or volunteer of defendants Borough of Princeton, Borough of Princeton Police Department.

103.  As set forth previously, defendants Borough of Princeton, Borough of Princeton Police Department, Chief Anthony V.  Federico, Officer Adam Basatemur, John Does (1-10), was acting as an officer, employee, agent, servant and/or volunteer of defendants intentionally and/or negligently and/or recklessly:

(A) gave improper or ambiguous orders or failed to make proper regulations and/or employed improper persons or instrumentalities in work involving risk of harm to others;

(B) supervised the activities of which defendant Officer Adam

-29-

Basatemur was partaking in when the aforementioned illegal and/or

unlawful stop, search and seizure, detention and/or arrest; or

© permitted and/or intentionally failed and/or neglected to prevent,

negligent and/or grossly negligent conduct and/or allowed other

tortious conduct by persons, whether or not their servants and/or

agents and/or employees, upon premises or with instrumentalities

under their control; and/or

(D) allowed the acts of omission and/or commission and/or any or all

allegations set forth in this Complaint, to occur.

104. At all times material hereto, with regard to the allegations

contained herein, defendant Officer Adam Basatemur, was under the direct

supervision, employ and/or control of the defendants Borough of Princeton,

Borough of Princeton Police Department, Chief Anthony V. Federico, John

Does (1-10).

105. At all times material hereto, said defendants' Borough of

Princeton, Borough of Princeton Police Department, Chief Anthony V.

Federico, Officer Adam Basatemur, John Does (1-10) actions were willful,

wanton, malicious, reckless and outrageous in their disregard for the rights

and safety of plaintiff which amounted to criminal and/or rogue conduct.

106. As a direct and/or indirect result of said conduct, plaintiff has

suffered the injuries and damages described herein.

WHEREFORE, plaintiff Linda Fahmie Arnold demands judgment against

defendants Borough of Princeton, Borough of Princeton Police Department,

-30-

Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10),

jointly and severally for compensatory and punitive damages together with

interest, costs of suit and attorneys fees.

### COUNT TWELVE

### As to All Defendants Request for Punitive Damages

107.  Plaintiff incorporates the averments of paragraphs 1 - 106 as if

fully set forth herein.

108.  Defendants Borough of Princeton, Borough of Princeton Police

Department, Chief Anthony V. Federico, Officer Adam Basatemur, John Does

(1-10), either individually, jointly and/or severally are liable by their actions

and/or implied, constructive inactions with regard to their knowledge, actual

and/or otherwise, and as such, are subjected to plaintiff's request for punitive

damages.

109.  Defendants' conduct as aforesaid was willful, wanton, malicious,

reckless, outrageous and/or grossly negligent in nature.

110.  As a direct and/or indirect result of said conduct, plaintiff has

suffered the injuries and damages described herein.

WHEREFORE,  plaintiff Linda Fahmie Arnold demands judgment against

defendants Borough of Princeton, Borough of Princeton Police Department,

Chief Anthony V. Federico, Officer Adam Basatemur, John Does (1-10),

jointly and severally for compensatory and punitive damages together with

interest, costs of suit and attorneys fees and other appropriate relief.

-31-

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues.

TODD J. LEONARD ESQ.
Attorney for Plaintiff

Dated: August 13, 2008